NELSON P. COHEN
United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  3:05-cr-0099-01-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM OF THE** |
| | ) | **UNITED STATES** |
| JASMINE DANIELLE | ) | |
| HOLLIMON, | ) | |
| | ) | |
| Defendant. | ) | |

    The United States files with the court its sentencing memorandum in the above captioned case pursuant to Local Criminal Rule 32.1(d)(1), for the Imposition of Sentence scheduled for November 14, 2006.  The United States has no disagreements with the final revised presentence report dated July 5, 2006.  The victim in this case will be appearing at the sentencing and does wish to make a statement.

I.   **OFFENSE CONDUCT**

The defendant Jasmine Danielle Hollimon plead guilty to Count 1 of the First Superseding Indictment, which charged that beginning on or about July, 2002, and continuing to at least on or about December, 2004, she stole coins from Oxford Assaying and Refining Corporation (OAR), mailed them to co-conspirators outside of the State of Alaska, specifically the states of Washington, Utah, and Arizona, and instructed them to sell the coins, keeping a portion of the proceeds for themselves, while depositing the remainder of the proceeds in her Wells Fargo Bank account. In 2004, Hollimon, while sending coins stolen from OAR outside of the State of Alaska, also gave stolen coins to friends and co-conspirators within the State of Alaska, instructing them to return to OAR as customers and sell the coins back to OAR. Checks from OAR were written to these individuals for the coins. The checks were cashed and a portion of the proceeds were returned to Hollimon.

In 2004, OAR used a computerized inventory system. OAR would create an invoice showing the purchase of coins from a customer, to whom a check would be written for the value of the purchase. To conceal her theft of many of the stolen coins, Hollimon would void the respective invoices in the computer system, essentially removing the coins from OAR inventory.

Hollimon gave stolen coins to approximately 10 different individuals to sell for her; five of those individuals have been or are being prosecuted. In addition, Hollimon taught Andrew Steinborn to steal cash as well as coins from OAR.

As to her plea of guilty to Count 5 of the First Superseding Indictment, Hollimon admitted that on or about November 24, 2004, having transported coins stolen from OAR, specifically twenty (20) one ounce gold eagle coins, in interstate commerce from Anchorage, Alaska, to San Antonio, Texas, she sold those coins for $9060.00 using the name Sara Day.

## II. ADVISORY SENTENCE CALCULATIONS PURSUANT TO PRESENTENCE REPORT (PSR).

Base Offense Level (2B1.1(a)(2))........................................... 6

    Amount of Loss (2B1.1(b)(1)(D))............................. +12

Role in the Offense........................................................ +4

    Total................................................................ 22

Adjustment For Acceptance of Responsibility........................... -3

Total Offense Level........................................................ 19

Criminal History Category................................................ I

Advisory Sentencing Range........................... 30 - 37 months

### III.   PLEA AGREEMENT PURSUANT TO 11(c)(1)(A) .

The parties expressly agreed that the Plea Agreement filed in this case was entered into and was to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A).  This means that the defendant may not withdraw from this agreement unless the court denies the government's post-imposition of sentence motion to dismiss Counts 2 - 4 of the First Superseding Indictment, or the United States brings additional charges arising from this investigation. Neither the defendant nor the court is bound by the government's sentencing estimates.

### IV.   ISSUE OF RESTITUTION

The loss based on the value of the coins at the time they were stolen by Hollimon during her employment with Oxford is $284,603.80.  However, Title 18 U.S.C. § 3663A(b)(1)(B)(i)(I) does state that the order of restitution shall require the defendant to pay to the victim of an offense resulting in the loss of property, the greater of the value of the property on the date of loss, or the value of the property on the date of sentencing.  The owner of OAR will be available at sentencing to testify as to the value of the gold coins on the current market, and she is requesting restitution based on the market value of gold on November 14, 2006.  The price of gold has increased since the dates of the offense.  The present day value of an ounce

of gold will be calculated based on the Second London or fixed market - this sets a fixed price for a 24 hour period. A web site that is commonly used for this calculation is www.Kitco.com.

**V.     SENTENCING RECOMMENDATION.**

A Sentencing Recommendation Memorandum of the United States will be filed separately under seal, explaining the reasons for the following recommendation:

(A)     A sentence of thirty (30) months;

(B)     Restitution to OAR in the amount of $284,603.80, adjusted to the present day value calculated pursuant to the Second London or fixed market price for November 14, 2006, as allowed under Title 18 U.S.C. § 3663A(b)(1)(B)(i)(I);

(C)     No fine because of the amount of restitution due;

(D)     A mandatory special assessment for each count of conviction in the amount of $100 per count; and

(E)     Because of the amount of restitution due and owing, the maximum period of supervised release is requested, as well as conditions of

\\

\\

supervision which take into consideration Hollimon's risk to third parties.

RESPECTFULLY SUBMITTED this 7th day of November, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7,  2006,
a copy of the foregoing  was served
electronically on Michael Dieni,
and was placed at the front desk of the
USAO for Scott E. Kelley
Senior U.S. Probation/Pretrial Services Officer.

s/Retta-Rae Randall